**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMMA BEST <br> C/O MuckRock News <br> Department MR 46960 <br> 411A Highland Avenue <br> Somerville, MA 02144-2516 <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, D.C. 20530-0001 <br><br> Defendant. | Civil Action No. 19-256 |

* * * * * * * * * * * *

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking production of records responsive to requests submitted by the plaintiff Emma Best, via MuckRock News, to the defendant Department of Justice (as well as its subordinate entity).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Emma Best is a freelance writer who has performed work for MuckRock, as well as several other media outlets, and is a representative of the news media.

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI").

## FACTUAL BACKGROUND

5. This lawsuit is brought under the Freedom of Information Act ("FOIA") and seeks the complete production of records (some previously withheld in full or in part) regarding the work of the United States Senate Select Committee to Study Government Operations with Respect to Intelligence Activities (hereinafter referred to as the "Church Committee"), as well as similar work performed by the United States House Permanent Select Committee on Intelligence (hereinafter referred to as the "Pike Committee").

6. The Church Committee conducted arguably the most extensive investigation into allegedly illegal actions by various U.S. Government agencies, including the Central Intelligence Agency ("CIA") and the FBI. Among the various activities reviewed by the Church Committee: (a) allegations of domestic intelligence operations against American citizens, including files maintained on at least 10,000 Americans (and some Members of Congress); (b) surreptitious inspection of mail; and (c) burglaries. *https://s3.amazonaws.com/s3.document cloud.org/ documents/238963/huge-c-i-a-operation-reported-in-u-s-against.pdf* (last accessed December 21, 2018).

7. In its published reports, the Church Committee investigated allegations of U.S. involvement in the assassinations of various foreign leaders, including Patrice Lumumba of the Democratic Republic of the Congo, Rafael Trujillo of the Dominican Republic, General Rene

Schneider of Chile, and Fidel Castro of Cuba. The Church Committee concluded that the plots against Patrice Lumumba and Fidel Castro were conceived by the U.S. Government. Although the Church Committee did not find definitive evidence tying the CIA (or the U.S. Government as a whole) to the two other assassination attempts, it did state that the "system of executive command and control was so ambiguous that it is difficult to be certain at what levels assassination activity was known and authorized." *https://archive.org/details/ChurchCommittee* (last accessed January 30, 2019).

8. The Pike Committee conducted a similar and simultaneous oversight investigation into possible abuses of intelligence authorities. Demands for documents by the Pike Committee nearly caused a constitutional crisis, as the administration of President Gerald Ford ("President Ford") began to push back and temporarily stopped providing the Pike Committee with requested information and documentation. A compromise was established by establishing a procedure for congressional declassification of information, a procedure which exists to this day. *https://nsarchive.gwu.edu/briefing-book/intelligence/2017-06-02/white-house-cia-pike-committee-1975* (last accessed January 28, 2019). The Pike Committee's report was deemed classified and withheld initially from the public, until portions of it were leaked to the media in 1976. *https://archive.org/details/PikeCommitteeReports* (last accessed January 30, 2019).

9. In the aftermath of the Church Committee and the Pike Committee, President Ford issued Executive Order 11905, prohibiting the U.S. Government from sanctioning assassinations of foreign leaders. President Ronald Reagan reaffirmed the ban when he issued Executive Order 12333, which replaced Executive Order 11905.

## COUNT ONE (FBI)

10. The plaintiff, Best, repeats and realleges paragraphs 5 through 9 above, inclusive.

11. On October 16, 2017, Best submitted to the FBI a FOIA request.

12. The FOIA request specifically sought copies of "files relating to, describing or released to the Church Committee, including but not limited to those labeled SENSTUDY, SENSTUDY 75, or Senate Study." Best's FOIA request stated she was seeking designation as a representative of the news media, as well as a fee waiver.

13. By letter dated November 28, 2017, the FBI issued a substantive response to Best and designated the request as No. 1387588-000. The FBI released to Best 123 pages of previously processed documents. The FBI further stated that additional potentially responsive records might exist, and that if Best was not satisfied with the FBI's substantive response, she could request an additional search for records.

14. On December 8, 2017, Best submitted an administrative appeal challenging the FBI's decision to only release a portion of previously processed documents.

15. The Department of Justice's Office of Information and Policy ("DOJ OIP") acknowledged receipt of the appeal in a letter dated December 29, 2017. The appeal was assigned number DOJ-AP-2018-001741.

16. By letter dated February 16, 2018, DOJ OIP informed Best that her request was being remanded back to the FBI for additional searches for responsive records.

17. By letter dated March 8, 2018, the FBI informed Best that her appeal had been remanded back to the agency for further processing.

18. On June 7, 2018, and June 12, 2018, Best contacted the FBI seeking a status update on the remanded request.

19. By letter dated August 8, 2018, the FBI informed Best it had located approximately 18,615 pages of potentially responsive records. The FBI stated that it estimated Best would owe

$565 in duplication fees if all responsive records were released on a CD. No payment was immediately required from Best.

20. By letter dated August 13, 2018, the FBI informed Best that it was denying her request for a fee waiver.

21. To date, no substantive response has been received by Best from the FBI. Best has constructively exhausted all required administrative remedies.

## **COUNT TWO (FBI)**

22. The plaintiff, Best, repeats and realleges paragraphs 5 through 9 above, inclusive.

23. On December 27, 2018, Best submitted to the FBI a FOIA request.

24. The FOIA request specifically sought copies of "files relating to, describing or released to the Pike Committee, including but not limited to those labeled HOUSTUDY, HOUSTUDY 76, or House Study, as well as FBI file 62-116464." Best's FOIA request stated she was seeking designation as a representative of the news media, as well as a fee waiver.

25. To date, no substantive response has been received by Best from the FBI. Best has constructively exhausted all required administrative remedies.

WHEREFORE, plaintiff Emma Best prays that this Court:

(1) Orders the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiff;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   January 30, 2019

                         Respectfully submitted,

                            /s/
                        _____
                        Bradley P. Moss, Esq.
                        D.C. Bar #975905
                        Mark S. Zaid, Esq.
                        D.C. Bar #440532
                        Mark S. Zaid, P.C.
                        1250 Connecticut Avenue, N.W.
                        Suite 700
                        Washington, D.C. 20036
                        (202) 454-2809
                        (202) 330-5610 fax
                        Brad@MarkZaid.com
                        Mark@MarkZaid.com

                        Attorneys for Plaintiff