UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMMA BEST,

        *Plaintiff*,

   v.

U.S. DEPARTMENT OF JUSTICE,

        *Defendant*.

Civil Action No. 19-0256 (CKK)

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................. 1, 2
*Armstrong v. Exec. Office of the President*,
  97 F.3d 575 (D.C. Cir. 1996) ........................................................................................ 9
*Blackwell v. FBI*,
  646 F.3d 37 (D.C. Cir. 2011) ........................................................................................ 8
*Brayton v. Office of U.S. Trade*,
  *Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ............................................................................. 2
*Canning v. Dep't of Justice*,
  567 F. Supp. 2d 104 (D.D.C. 2008) .............................................................................. 9
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..................................................................................................... 2
*CIA v. Sims*,
  471 U.S. 159 (1985) ..................................................................................................... 5
*Ctr. For Nat'l Sec. Studies v. U.S. Dep't of Justice*,
  331 F.3d 918 (D.C. Cir. 2003) ...................................................................................... 6
*Defenders of Wildlife v. U.S. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) ................................................................................ 2
*Dep't of Def. v. FLRA*,
  510 U.S. 487 (1994) ..................................................................................................... 3
*DiBacco v. U.S. Army*,
  795 F.3d 178 (D.C. Cir. 2015) ...................................................................................... 5
*Fitzgibbon v. CIA*,
  911 F.2d 755 (D.C. Cir. 1990) ...................................................................................... 3
*Hayden v. Nat'l Sec. Agency,*
  608 F.2d 1381 (D.C. Cir. 1979) .................................................................................... 4
*John Doe Agency v. John Doe Corp*,
  493 U.S. 146 (1989) ..................................................................................................... 6
*Kansi v. U.S. Dep't of Justice*,
  11 F. Supp. 2d 42 (D.D.C. 1998) .................................................................................. 6
*Larson v. Dep't of State*,
  565 F.3d 857 (D.C. Cir. 2009) ...................................................................................... 2
*McCutchen v. U.S. Dep't of Health & Human Servs.*,
  30 F.3d 183 (D.C. Cir. 1994) ........................................................................................ 3
*McGehee v. CIA.*,
  697 F.2d 1095 (D.C. Cir. 1983) .................................................................................... 2
*McRae v. U.S. Dep't of Justice*,
  869 F. Supp. 2d 151 (D.D.C. 2012) .............................................................................. 8
*Mead Data Cent. v. U.S. Dep't of the Air Force,*
  566 F.2d 242 (D.C. Cir. 1977) ...................................................................................... 9

*Media Research Ctr. v. U.S. Dep't of Justice*,
   818 F. Supp. 2d 131 (D.D.C. 2011) ...................................................................................2
*Military Audit Project v. Casey*,
   656 F.2d 724 (D.C. Cir. 1981) ............................................................................................2
*Pratt v. Webster*,
   673 F.2d 408 (D.C. Cir. 1982) ............................................................................................6
*Public Citizen Health Research Grp. v. FDA*,
   185 F.3d 898 (D.C. Cir. 1999) ............................................................................................3
*Showing Animals Respect & Kindness v. U.S. Dep't of Interior*,
   730 F. Supp. 2d 180 (D.D.C. 2010) ....................................................................................7
*Sussman v. U.S. Marshals Serv.*,
   494 F.3d 1106 (D.C. Cir. 2007) ..........................................................................................9
*U.S. Dep't of Justice v. Tax Analysts*,
   492 U.S. 136 (1989) ............................................................................................................3
*Vazquez v. U.S. Dep't of Justice*,
   887 F. Supp. 2d 114 (D.D.C. 2012) ....................................................................................8
*CREW v. U.S. Dep't of Labor*,
   478 F. Supp. 2d 77 (D.D.C. 2007) ......................................................................................2
*Wolf v. CIA*,
   473 F.3d 370 (D.C. Cir. 2007) ............................................................................................3

## Statutes

5 U.S.C. § 552(b) ......................................................................................................................3, 9
5 U.S.C. § 552(b)(3).............................................................................................................passim
5 U.S.C. § 552(b)(7).............................................................................................................passim
50 U.S.C. § 3024(i)(1).............................................................................................................4, 5

## Rules

Fed. R. Civ. P. 56(a)....................................................................................................................1

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT……………………………………………………… 1

II. FACTUAL BACKGROUND…………………………………………………………. 1

III. STANDARD OF REVIEW……………………………………………………………1

IV. ARGUMENT…………………………………………………………………………..3

    FOIA Exemption (b)(3)…………………………………………………………..3

    FOIA Exemption (b)(7)……………………………………………………………5

    (a) Exemption 7 threshold…………………………………………………………..5

    (b) Exemption (b)(7)(E)……………………………………………………………7

    Segregability…………………………………………………………………...9

V. CONCLUSION…………………………………………………………………… 10

**I.     PRELIMINARY STATEMENT**

In this Freedom of Information Act ("FOIA") case, Plaintiff submitted two separate requests to the Federal Bureau of Investigation ("FBI").  The first request sought records pertaining to "the Church Committee, including but not limited to those labeled SENSTUDY, SENSTUDY 75, or Senate Study," and the second request sought records pertaining to "Files relating to, describing or released to the Pike Committee, including but not limited to those labeled HOUSTUDY, HOUSTUDY 75, or House Study as well as FBI file 62-116464."  Second Declaration of Michael G. Seidel ("2nd Seidel Decl.") ¶¶ 5, 16 Exs. A & L.

The parties agreed to narrow the contested issues to the information withheld by the FBI pursuant to FOIA Exemptions 3 and 7(E), specifically, the withholdings regarding targets, dates and scope of surveillance and specific law enforcement techniques, and not sensitive file numbers or sub-file names.  *See* ECF No. 17.  As shown below, the FBI correctly applied FOIA Exemptions 3 and 7(E) to withhold information concerning targets, dates and scope of surveillance, and specific law enforcement techniques.  For the reasons set forth below, the Court should grant the FBI's Motion for Summary Judgment.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural background is fully set forth in Defendant's Statement of Material Facts and the Second Declaration of Michael G. Seidel and incorporated by reference herein.

**III.   STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is up to the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Research Ctr. v. U.S. Dep't of Justice*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA.*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Research Ctr.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

## IV.     ARGUMENT

FOIA does not allow the public to have unfettered access to government files. *McCutchen v. U.S. Dep't of Health & Human Servs.*, 30 F.3d 183, 184 (D.C. Cir. 1994). Although disclosure is the dominant objective of FOIA, there are several exemptions to the statute's disclosure requirements. *Dep't of Def. v. FLRA*, 510 U.S. 487, 494 (1994). FOIA requires that an agency release all records responsive to a properly submitted request unless such records are protected from disclosure by one or more of the Act's nine exemptions. 5 U.S.C. § 552(b); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989). To protect materials from disclosure, the agency must show that they come within one of the FOIA exemptions. *Public Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904 (D.C. Cir. 1999). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007).

**FOIA Exemption (b)(3)**

FOIA Exemption (b)(3) protects information that is specifically exempted from public disclosure by a statute that:

> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue: or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and
>
> (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph. 5 U.S.C. § 552(b)(3).

As the D.C. Circuit has explained, "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage." *Fitzgibbon v. CIA*, 911 F.2d 755, 761-62 (D.C. Cir. 1990). Thus, "[a] specific showing of potential harm to national security . . . is irrelevant to the language of [an Exemption

3

3 statute]. Congress has already, in enacting the statute, decided that disclosure of [specified information] is potentially harmful." *Hayden v. Nat'l Sec. Agency,* 608 F.2d 1381, 1390 (D.C. Cir. 1979).

In conjunction with FOIA Exemption 7(E), The FBI withheld information that pertains to intelligence sources and methods, and sensitive file numbers for National Security Cases, pursuant to FOIA Exemption (b)(3).[1]  2nd Seidel Decl. ¶ 29-31. The FBI states that "it is invoking 50 U.S.C. § 3024(i)(1) to protect these file numbers because the mere fact that a file number of a designated intelligence source and method file classification is connected to a particular subject/target reveals operational intelligence source and method activity within the ambit of § 3024 protection." *Id.* ¶ 30.  The FBI further explains that "FBI file numbers contain the classification identifying the type of investigation/crime, an alpha associated to a specific investigative focus, the geographical prefix identifying the originating office, and the unique case number; [r]elease of intelligence file numbers would lead to exposure of the particular intelligence activity and method at issue and its nexus to a specific FBI intelligence program or sub-program." *Id.* ¶ 31. The FBI also explains that "disclosure of intelligence file numbers in the aggregate will enable an adversary to attribute any information released from the document to the particular file," which would potentially enable an adversary to identify the specific intelligence activity applying a mosaic by supplying further missing pieces. *Id.*  In other words, "a particular mosaic of the activity begins to appear as more information is identified with the particular intelligence file leading to exposure of actual intelligence activities or methods." *Id.*

---

[1] As agreed upon by the parties, Plaintiff is only challenging Exemption 3, based on 50 U.S.C. § 3024(i)(1), and Exemption 7(E), regarding only information about targets, dates, and scope of surveillance and specific law enforcement techniques, and not sensitive file numbers or subfile names. ECF No. 17. The agreement was not clear as to sensitive file numbers under Exemption 3, thus the FBI is continuing to defend sensitive file numbers under Exemption 3.

Disclosure of information concerning intelligence sources and methods is prohibited pursuant to National Security Act of 1947, as amended, which provides that the Director of National Intelligence (DNI) "shall protect intelligence sources and methods from unauthorized disclosure."  50 U.S.C. § 3024(i)(1).  As relevant to the application of Exemption (b)(3), this provision was enacted before the date of enactment of the OPEN FOIA Act of 2009, and on its face, leaves no discretion to agencies about withholding from the public information about intelligence sources and methods.  It is therefore "settled" that this statute falls within Exemption (b)(3).  *CIA v. Sims*, 471 U.S. 159, 167 (1985); *DiBacco v. U.S. Army*, 795 F.3d 178, 183 (D.C. Cir. 2015).  Notably, § 3024 (i)(1) protects sources and methods regardless of whether they are classified.  *Sims*, 471 U.S. at 176.

In order to fulfill its obligation of protecting intelligence sources and methods, the DNI is authorized to establish and implement guidelines for the Intelligence Community ("IC") for the classification of information under applicable laws, Executive Orders, or other Presidential Directives, and for access to and dissemination of intelligence.  50 U.S.C. § 3024(i)(1).  The FBI is one of the member agencies comprising the IC, and as such must protect intelligence sources and methods.  2nd Seidel Decl. ¶¶ 27, 28.

Accordingly, information described in the *Vaughn* Index that reveals intelligence sources and methods is prohibited from disclosure pursuant to 50 U.S.C. § 3024(i)(1), *Id.* ¶¶ 29, 38, and thus properly exempt from disclosure under FOIA Exemption (b)(3).

**FOIA Exemption (b)(7)(E)**

  (a) **Exemption 7 Threshold**

To establish the applicability of any of the subparts of FOIA Exemption7, the government must first show that the records were "compiled for law enforcement purposes."  5

U.S.C. § 552(b)(7).  Investigative documents qualify as records "compiled for law enforcement purposes" if the agency's declaration establishes (1) "a rational nexus between the investigation and one of the agency's law enforcement duties;" and (2) "a connection between and individual or incident and a possible security risk or violation of federal law."  *Ctr. For Nat'l Sec. Studies v. U.S. Dep't of Justice,* 331 F.3d 918, 926 (D.C. Cir. 2003) (internal quotation marks omitted).  "[L]ess exacting proof" of a legitimate law enforcement purpose is required of law enforcement agencies such as the Department of Justice and the FBI.  *Pratt v. Webster*, 673 F.2d 408, 418 & n.25 (D.C. Cir. 1982); *see also Ctr. for Nat'l Sec. Studies*, 331 F.3d at 926.  Records not initially obtained or generated for law enforcement purposes may qualify if they were subsequently assembled for a valid law enforcement purpose.  *John Doe Agency v. John Doe Corp,* 493 U.S. 146, 154-155 (1989); *see also Kansi v. U.S. Dep't of Justice,* 11 F. Supp. 2d 42, 44 (D.D.C. 1998) ("[O]nce [the records at issue] are assembled by the FBI for its law enforcement purposes, all documents qualify for protection under Exemption 7 regardless of their original source.").

The FBI explained in its declaration that the "records at issue were compiled in furtherance of the FBI's investigation of third-party subjects of investigative interest to the FBI or in the course of fulfilling its integrated missions and functions as law enforcement, counterterrorism, and intelligence agency." 2nd Seidel Decl. ¶ 35.  The FBI further states that "[c]onsidering these records were compiled to document the FBI's investigations of potential crimes and/or possible threats to national security, or in the course of fulfilling its integrated missions and functions as a law enforcement agency."  *Id.*  Accordingly, the records at issue have been "compiled for law enforcement purposes."

**(b) FOIA Exemption (b)(7)(E)**

Pursuant to FOIA Exemption (b)(7)(E), the FBI withheld information regarding targets, dates and scope of surveillance. 2nd Seidel Decl. Ex Q – *Vaughn* Index Bates #4-6; 11-14. Pursuant to FOIA Exemption (b)(7)(E), the FBI also withheld information regarding specific law enforcement techniques. *Id.* – Bates #231-234.[2]

**FOIA Exemption 7(E) – targets, dates and scope of surveillance**

The FBI asserted FOIA Exemption (b)(7)(E) to withhold information regarding targets, dates and scope of surveillance. 2nd Seidel Decl. Ex Q – *Vaughn* Index Bates #4-6; 11-14. More specifically the FBI indicated that it withheld "locations, monitoring, and types of devices utilized in surveillances conducted by the FBI" *Id.* ¶ 39. The FBI indicated that it used "these surveillances to obtain investigative intelligence relevant to its investigation of a third-party subject. *Id.* The FBI further stated that "disclosure of non-public details about when, how, and under what circumstances the FBI conducts surveillance would allow current and future subjects of FBI investigations and other potential criminals to develop and utilize countermeasures to defeat or avoid different types of surveillances, thus rendering the techniques useless to the FBI and other law enforcement agencies." *Id.* The type of information withheld here, namely "locations, monitoring and types of devices utilized" is correctly withheld pursuant to FOIA Exemption (b)(7)(E). *See Showing Animals Respect & Kindness v. U.S. Dep't of Interior,* 730 F. Supp. 2d 180, 199-200 (D.D.C. 2010) ("disclosing location and timing of such surveillance could be reasonably expected to risk circumvention of the law").

---

[2] Plaintiff is not challenging the withholding of sensitive file numbers or sub-file names made pursuant to FOIA Exemption 7(b)(E). See ECF No. 20 and ECF No. 17.

7

**FOIA Exemption 7(E) – law enforcement techniques**

The FBI has asserted FOIA Exemption (b)(7)(E), in conjunction with FOIA Exemption (b)(3), to withhold information regarding specific law enforcement techniques. 2nd Seidel Decl. Ex. Q – *Vaughn* Index – Bates # 231-234.

FOIA Exemption (b)(7)(E) affords categorical protection to techniques and procedures used in law enforcement investigations. *McRae v. U.S. Dep't of Justice*, 869 F. Supp. 2d 151, 168 (D.D.C. 2012); *but see Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (applying, without analysis, "risk of circumvention" standard to law enforcement techniques and procedures). This exemption protects techniques and procedures that are not well-known to the public as well as non-public details about the use of publicly-known techniques and procedures. *Vazquez v. U.S. Dep't of Justice*, 887 F. Supp. 2d 114, 117 (D.D.C. 2012), *aff'd*, No. 13-5197, 2013 WL 6818207 (D.C. Cir. Dec. 18, 2013).

The FBI has withheld information pertaining to sensitive law enforcement techniques and procedures which are used for criminal and national security investigations. 2nd Seidel Decl. ¶ 40. The FBI states that "revealing the specific details of how these techniques and procedures are employed, in what situations they are the most effective, the types of targets against which these techniques are employed and the nature of the information/evidence gleaned via the use of these techniques and procedures, would be detrimental to the FBI's ability to effectively utilize these techniques and procedures." *Id.* The FBI further states that disclosure of this information "would allow criminals and those who threaten the national security of the United States the ability to develop countermeasures to circumvent the FBI's use of these techniques and procedures, greatly reducing their effectiveness." *Id.* Finally, the FBI states that "the use of these techniques and

procedures within the investigative records at issue is not known, and further description of these techniques and procedures in this context could result in circumvention of these techniques and procedures by investigative subjects." *Id.*[3]

**Segregability**

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b).  Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Cent. v. U.S. Dep't of the Air Force,* 566 F.2d 242, 260 (D.C. Cir. 1977).  To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *Canning v. Dep't of Justice*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008).  "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester.  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

The FBI indicates that it has reviewed the documents at issue and determined that information withheld "if disclosed would reveal statutorily protected information and would disclose techniques and procedures for law enforcement investigations."  2nd Seidel Decl. ¶ 42. The FBI concluded that after extensive review of the disputed documents, "there is no further non-exempt information that can be reasonably segregated and released without revealing exempt

---

[3] The FBI has indicated that, due to the nature of this information, any further description – should the Court request it – would need to be provided *in camera.*  2nd Seidel Decl. ¶ 40 n.10.

9

information." *Id.* Accordingly, the FBI has met its burden of establishing that all reasonably segregable, non-exempt information has been disclosed.

## CONCLUSION

For the reasons set forth above, FBI respectfully requests that this Court grant summary judgment in favor of FBI as to its withholding of information pursuant to FOIA Exemptions (b)(3) and (b)(7)(E).

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

Daniel F. Van Horn
Chief, Civil Division
D.C. Bar #924092

By: /s/ *Kathleene Molen*
KATHLEENE MOLEN
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: (202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendant*